IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dallan Timothy Thorstenson, | C/A No. 1:25-mc-753-JFA-SVH |
| Plaintiff, | |
| v. | **ORDER** |
| State of South Carolina; Aiken County Judicial Officials; Prosecutorial Officials; Appellate Counsel Joanna K. Delany; and Predecessor Counsel and Other Conspirators, | |
| Defendants. | |

## I.      INTRODUCTION

Dallan Timothy Thorstenson ("Plaintiff"), proceeding pro se, initiated proceedings in this court by filing motions for a temporary restraining order ("TRO") and preliminary injunction. (ECF Nos. 1&2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the motions and their attachments, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 6). Within the Report, the Magistrate Judge opines that Plaintiff's motions should be denied. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections on October 20, 2025 (ECF No. 9). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.    DISCUSSION**

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 6). In short, Plaintiff seeks to halt certain proceedings in an ongoing criminal matter within the South Carolina state court system. The Report ultimately concludes that Plaintiff's motions for a preliminary injunction and TRO should be denied for a variety of reasons.

In response, Plaintiff advances a series of objections. However, before delving into the merits of Plaintiff's motions and objections, the court must first determine if the relief sought is now moot. Principles of mootness relate to Article III's limitation on the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2, cl. 1. Cases that are moot are not cases and controversies. *Eden, LLC v. Justice*, 36 F.4th 166, 169–70 (4th Cir. 2022). A case becomes moot when it is impossible for a court to grant any

3

"effectual relief" to the prevailing party. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012) (internal citation and quotation marks omitted).

Plaintiff's motions seek to halt a South Carolina state court from conducting a "reconstruction hearing" scheduled on September 30, 2025. A review of Plaintiff's objections and the publicly available index[1] associated with Plaintiff's state court action[2] reveal that this hearing has already been conducted, and a verbal judgment has been issued. Accordingly, Plaintiff's requested relief can no longer be granted. Given that Plaintiff's only request was the prevention of a hearing which has already occurred, these matters are now moot.[3]

Plaintiff's objections fail to address any mootness issue despite the Report's conclusion that "it appears Plaintiff's motions for a TRO and preliminary injunction are moot, as his motions were not filed in sufficient time to provide relief." (ECF No. 6, p. 3). Each of Plaintiff's objections instead reference the substantive matters associated with his request for a preliminary injunction and TRO. Accordingly, Plaintiff's objections miss the mark and are therefore overruled.

---

[1] "A district court may clearly take judicial notice of ... public records," *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (affirming the review and consideration of state court records on a motion to dismiss).

[2] *State v. Thorstenson*, state appellate case number 2024-000049, https://ctrack.sccourts.org/public/caseView.do?csIID=79799 (last visited Nov. 4, 2025).

[3] Plaintiff has since filed a complaint containing numerous other allegations. Accordingly, it remains to be seen if the entirety of this action is now moot or if Plaintiff's new pleadings state a viable claim.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 6). For the reasons discussed above and in the Report, Plaintiff's motions for a preliminary injunction and a TRO (ECF Nos. 1&2) are denied. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

November 7, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge